**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AUSTEN P. GRIMES, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL OTHERS SIMILARLY SITUATED | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-03197 |
| | § | |
| TERRA DIRECTIONAL SERVICES, LLC | § | |
| DEFENDANT. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant Terra Directional Services, LLC ("Defendant" or "Terra") files this Answer to Plaintiff's Complaint and Affirmative Defenses. Defendant denies all allegations in the Complaint that are not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.

## I.    SUMMARY

1.    Defendant admits that Plaintiff is bringing this lawsuit under the Fair Labor Standards Act ("FLSA"), but denies that Defendant is liable to Plaintiff and that Plaintiff is entitled to any damages. Defendant also admits that Plaintiff was not paid an overtime premium for hours worked in excess of 40 in a week and that Defendant paid Plaintiff a salary for all hours worked in a week and a daily rate. Defendant denies any and all remaining allegations in this paragraph. Additionally, Defendant objects that this paragraph states legal conclusions and contains Plaintiff's description of this action as a putative collective action, which Defendant is not required to admit or deny. To the extent a response is required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses and denies that any class or collective action treatment is appropriate.

## II.    JURISDICTION AND VENUE

2.      Defendant does not dispute this Court's jurisdiction over this matter.

3.      Defendant does not dispute that venue is proper in this Court.

## III.    PARTIES

4.      Defendant admits that Plaintiff worked for Defendant as a measurement while drilling ("MWD") operator. Defendant admits that Plaintiff's written consent was attached to the Complaint.  Defendant denies any and all remaining allegations in this paragraph.

5.      This paragraph contains Plaintiff's definition of a proposed class. To the extent a response is required, Defendant denies that any class or collective action treatment is appropriate, denies that the collection of individuals included in the proposed definition are similarly-situated, denies that the definition provided is appropriate of correct, and otherwise refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

6.      Defendant admits that Plaintiff has accurately alleged Defendant's registered agent for service of process.

## IV.    COVERAGE UNDER THE FLSA

7.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny. To the extent further response is required, Defendant admits that it is or has been an employer under the FLSA.

8.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny. To the extent further response is required, Defendant is without sufficient information to admit or deny whether Defendant is an

"enterprise" within the meaning of the cited portions of the FLSA.

9.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny. To the extent further response is required, Defendant is without sufficient information to admit or deny whether Defendant is an "enterprise" within the meaning of the cited portions of the FLSA. Defendant admits that it has had an annual gross business volume of not less than $500,000.  Defendant denies any and all remaining allegations in this paragraph.

10.      Defendant objects that this paragraph states a legal conclusion, which Defendant is not required to admit or deny. To the extent further response is required, Defendant is without sufficient information to admit or deny the allegations in this paragraph.

## V.      FACTS

11.      Defendant admits that it performs services in the oilfield in the United States. Defendant admits it provides horizontal and directional drilling services but denies and any and all remaining allegations in this paragraph.

12.      Defendant admits that it conducts operations in Texas, which is part of the United States, but denies that it employed hundreds of drillers throughout the United States. Defendant denies any and all remaining allegations in this paragraph.  Defendant further objects that this paragraph contains legal conclusions which it is not required to admit or deny.

13.      Defendant admits that it employed plaintiff as a MWD operator which falls within plaintiff's definition of "drillers".  Defendant objects that this paragraph contains legal conclusions, which it is not required to admit or deny.  Defendant denies any and all

3

remaining allegations in this paragraph.

14.     Defendant admits that Plaintiff worked for it as a MWD operator.  Defendant also admits that Plaintiff was not required to have a college degree to perform his job. Defendant objects that this paragraph contains legal conclusions, which it is not required to admit or deny.  Defendant denies any and all remaining allegations in this paragraph.

15.     Defendant admits that while Plaintiff was employed by Defendant he was paid a base salary and a daily rate.  Defendant also admits that Plaintiff was not paid an overtime premium for hours worked in excess of 40 in a week.  Defendant objects that this paragraph contains legal conclusions, which it is not required to admit or deny.  Defendant denies any and all remaining allegations in this paragraph.

## VI.     FLSA VIOLATIONS

16.     Defendant denies all allegations in this paragraph.

17.     Defendant denies all allegations in this paragraph.

## VII.     COLLECTIVE ACTION ALLEGATIONS

18.     Defendant is without sufficient information to admit or deny the allegations with respect to communications Plaintiff may or may not have had with other employees. Defendant denies all remaining allegations in this paragraph.

19.     Defendant is without sufficient information to admit or deny the allegations with respect to any proposed class members because it is not clear precisely who constitutes the putative class members. Defendant denies all remaining allegations in this paragraph.

20.     Defendant denies all allegations in this paragraph.

21.     Defendant denies all allegations in this paragraph.

## VIII.   RELIEF SOUGHT

22(a).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit. Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(b).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit. Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(c).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit. Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(d).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit. Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(e).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit. Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(f).  This paragraph contains legal conclusions and requests for relief to which no response is required. Defendant denies that Plaintiff is entitled to any relief in this lawsuit.

Defendant also refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

## IX.  AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative and other defenses, subject to further discovery, but does not assume the burden of proof except to the extent required on pure affirmative defenses.

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

3.    Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and would violate Defendant's due process rights. Plaintiff cannot meet the prerequisites for collective or class certification, including conditional certification. Plaintiff is not a proper class representative and lacks standing. Certification and/or notice to a potential class would be improper.

4.    Defendant acted in good faith, with the reasonable belief that it complied with the law.

5.    Defendant did not willfully deprive Plaintiff or any of the potential class members of any due compensation.

6.    Defendant's pay practices were undertaken in good faith and pursuant to, among other things, long-standing industry standards and practices.

7.    Depending on the scope of the putative class in the unlikely event of certification, the claims of Plaintiff and some or all potential class members are barred by

limitations as set forth at 29 U.S.C. § 255(a).

8.      Depending on the scope of the putative class in the unlikely event of certification, Plaintiff and some or all potential class members were fully compensated for all hours worked in accordance with the requirements of the FLSA.

9.      Plaintiff meets one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, Administrative exemption, Executive exemption, some combination of the foregoing exemptions, Motor Carrier Act exemption, and possibly other applicable exemptions.  Depending on the scope of the putative class in the unlikely event of certification, some or all potential class members meet those and possibly other applicable exemptions.

10.      Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the calculation of the regular rate of pay.

11.      Depending on the scope of the putative class in the unlikely event of certification, Plaintiff and some or all of the potential class members are not entitled to liquidated damages.

12.      Depending on the scope of the putative class in the unlikely event of certification, as to Plaintiff and some or all potential class members, the amount of any unpaid overtime was de minimis.

13.      Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

14.     Plaintiff is not entitled to receive pre-judgment interest because such is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

15.     Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

16.     Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

17.     Depending on the scope of the putative class in the unlikely event of certification, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

18.     Assuming *arguendo* that Plaintiff or any putative class member in the unlikely event of certification is entitled to recover damages in this action, any such amounts are subject to offsets and deductions, including any and all payments for wages and payments in kind received during the time period for which damages are sought, including any time for which payments were made but no work was performed.

Defendant reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

## X.     CONCLUSION

WHEREFORE, Defendant Terra Directional Services, LLC requests this Court to deny Plaintiff's request for certification of a collective action, to dismiss this lawsuit in its

entirety, and to award Defendant all such other and further relief, whether legal or equitable, including attorneys' fees and costs, to which it is justly entitled.

Respectfully submitted,


*/s/ Barham Lewis*

Barham Lewis
TBN: 12277400
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas 77002-4709
713/655-5767
713/655-0020 Fax
barham.lewis@odnss.com

**ATTORNEYS FOR DEFENDANT**
**TERRA DIRECTIONAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of December, 2014, a true and correct copy of the foregoing document has been served on all counsel of record via the Electronic Case Filing system.

Michael A. Josephson
Andrew Dunlap
FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON, L.L.P.
1150 Bissonnet St.
Houston, TX  77005
mjosephson@fibichlaw.com
adunlap@fibichlaw.com


Richard J. (Rex) Burch
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, TX  77046
rburch@brucknerburch.com

*/s/ Barham Lewis*
Barham Lewis

18311788.1