UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTEN P. GRIMES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *PLAINTIFFS*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:14-CV-03197 |
| TERRA DIRECTIONAL SERVICES, LLC, *DEFENDANT*. | § § § | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

The parties jointly move this Court for approval of their settlement reached in this Fair Labor Standards Act ("FLSA") action and request that the Court dismiss with prejudice all claims of all Plaintiffs, named and "opt in," in this matter, and enter a Final Judgment. In support of this motion, the parties show the following:

**NATURE AND STATUS OF THE CASE**

1. Austen P. Grimes filed this action on November 7, 2014, alleging that he and others similarly situated employees had been denied overtime pay to which they claimed to be entitled under the FLSA. Defendant Terra Directional Services, LLC ("Terra" or "Defendant") denied all such claims and denied that any Plaintiff was entitled to any relief or recovery.

2. Plaintiffs' lawsuit sought conditional certification of this litigation as a collective action under 29 U.S.C. § 216(b), which was granted by the Court – and after which five (5) additional Plaintiffs filed consents to participate in the suit.

3. Throughout this litigation, Terra has contended Plaintiffs met one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, Administrative exemption, Executive exemption, some combination of the foregoing

exemptions, and possibly other applicable exemptions. Moreover, Terra contended that in the event that it was found to owe any unpaid overtime to any Plaintiff, the amount in question must be calculated in the manner set forth by the Fifth Circuit in *Ransom v. M. Patel Enters.*, 734 F.3d 377 (5th Cir. 2013). *See also Urnikis-Negro v. American Family Property Servs.*, 616 F.3d 665 (7th Cir. 2010); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942).

4. The parties conducted discovery in this matter, and have vigorously engaged with disputed issues of both fact and law.

5. After extensive and long-term negotiations, the parties have now reached a proposed settlement of all claims – for which they now seek this Court's approval.

## ARGUMENT AND AUTHORITIES

6. For some three decades, it was commonly held that FLSA settlements require the approval of either the Department of Labor, or of a Court, to be effective. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In 2012, under highly unusual circumstances, the Fifth Circuit rejected such an ironclad requirement, finding that where: (1) a bona fide dispute existed as to material factual issues (specifically, that "it would be impossible to determine whether or not Appellants worked on the days they alleged they had worked"); (2) the workers were represented by a Union that conducted its own investigation; (3) the union negotiated a settlement; (4) the employees, while represented by counsel in addition to their union, accepted the settlement with full knowledge; and (5) the settlement did not constitute a compromise of the FLSA's substantive rights themselves, a private settlements may be enforced. *Martin v. Spring Break 83 Prods.*, 688 F.3d 247 (5th Cir. 2012).

7. But less than a year later, the Supreme Court reaffirmed the longstanding view that the "FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees

2

that **cannot be modified by contract**." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013) (emphasis added). Earlier this year, the Fifth Circuit itself confirmed that: (1) *Martin* was limited to the unique facts of that case; and (2) there is still a "general prohibition against FLSA waivers." *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 165 (5th Cir. 2015). Therefore, the parties seek the Court's approval of this Settlement.

8. In the instant case, such factual disputes exist, and form the basis for the compromise the parties have reached. In particular, and non-exclusively, the parties have been faced with the following:

    A. A dispute regarding the number of hours allegedly worked by Plaintiffs while performing services for Terra;

    B. The issue of whether any time worked by Plaintiffs as a MWD Lead should be excluded under the FLSA's highly compensated employee exemption;

    C. The issue of whether the half-time premium method of calculating damages is appropriate when calculating alleged unpaid overtime when both a straight salary and a day rate is paid.

9. The Court may approve a settlement if it reflects "a reasonable compromise over issues." *Ruiz v. GVMS, Inc.*, No. 08-cv-1692, 2009 WL 3157349, at *1 (S.D. Tex. 2009). In this case, as indicated above, there are genuine disputes over the amount, if any, of overtime pay due to any individual Plaintiff.

10. In light of such disputes, the parties have agreed to compromise and resolve this matter for the amounts, and on the timetable, set forth in Exhibit A hereto. More specifically, the parties have taken into consideration the employment tenure, within the limitations period, of each Plaintiff, and after extensive debate and bargaining, have determined a reasonable and fair

amount to be paid each Plaintiff, per work week during his tenure, to resolve this claim. As the Court will note, from Exhibit A, Plaintiffs with the longest tenure receive the greatest amount, while Plaintiffs employed by Terra for only a few months, receive the least.

11. In addition to the total amounts payable, collectively, to Plaintiffs, Exhibit A also reflects the amount to be paid to their attorney(s), for fees and costs incurred. Exhibit B hereto is a "sample" agreement to be executed by the Plaintiffs.

12. Taking into account the risks inherent in this litigation, as well as the costs of litigation, the fact that the amounts for which Plaintiffs have agreed their claims have been arrived at through hard bargaining and compromise does not mean that those amounts are unfair or unreasonable. *See Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982) (The fact that a proposed settlement may amount to only a portion of a *potential* recovery does not indicate that the settlement is not fair and reasonable) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)). The parties have entered into this proposed agreement freely and voluntarily, while represented by the counsel of their choice, and its negotiated terms constitute a fair and reasonable compromise of the issues in dispute. This Court should accordingly grant the Joint Motion for Approval of FLSA Settlement.

THEREFORE, the parties respectfully ask that the Court grant this Motion, approving the parties' settlement, dismissing all claims of all Plaintiffs against Terra Directional Services, LLC with prejudice, and entering a Final Judgment, such as that proposed herein as Exhibit C.


Respectfully submitted,

/s/ Richard (Rex) Burch
Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
State Bar No. 24078444
FIBICH, LEEBRON, COPELAND,
BRIGGS &JOSEPHSON
1150 Bissonnet
Houston, Texas 77005

**ATTORNEYS FOR PLAINTIFFS**

/s/ Barham Lewis
Barham Lewis
Texas Bar No. 12277400
J. Paul Rinnan
Texas Bar. No. 24074959
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas 77002-4709
713/655-5767 – Telephone
713/655-0020 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**TERRA DIRECTIONAL SERVICES, LLC**

## CERTIFICATE OF SERVICE

    I served a true and correct copy of this document on all counsel of record via the Electronic Case Filing system.

/s/ Richard (Rex) Burch
Richard J. (Rex) Burch

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTEN P. GRIMES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *PLAINTIFFS*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:14-CV-03197 |
| TERRA DIRECTIONAL SERVICES, LLC, *DEFENDANT*. | § § § | |

**EXHIBITS TO JOINT MOTION
FOR APPROVAL OF FLSA SETTLEMENT (FILED UNDER SEAL)**

    A.    **Settlement Allocation (SEALED)**

    B.    **Settlement Agreement (SEALED)**